IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDOLYN C. PETTIES, as administratrix of the estate of **EFFIE J. WOOTEN**, deceased, and on behalf of the wrongful death beneficiaries of **EFFIE J. WOOTEN**,<br><br>Plaintiff,<br><br>v.<br><br>**KINDRED HEALTHCARE, INC.**, d/b/a **PRIMACY HEALTHCARE AND REHABILITATION CENTER, KINDRED HEALTHCARE SERVICES, INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED NURSING CENTERS LIMITED PARTNERSHIP, GEORGE A. MUNCHOW,** in his capacity as administrator of Primacy Healthcare and Rehabilitation Center, **J. DAVID MARCHANT,** in his capacity as administrator of Primacy Healthcare and Rehabilitation Center, and **MELISA LUCINDA HALL,** in her capacity as administrator of Primacy Healthcare and Rehabilitation Center,<br><br>Defendants. | Case No. 04-2996-DA |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court upon the motion of Plaintiff to remand this case to the Circuit Court of Shelby County, Tennessee (docket # 7). For the following reasons, this Court GRANTS Plaintiff's motion to remand this case to state court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Effie J. Wooten was a resident at Primacy Healthcare and Rehabilitation Center ("Primacy")

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-26-05



from October 22, 2003 until February 10, 2004 Compl. ¶ 17. She was of unsound mind and had impaired cognitive skills and memory. Id. at ¶¶ 18-19. Plaintiff alleges that Ms. Wooten suffered numerous injuries which required medical attention and hospitalization while residing at Primacy. Id. at ¶¶ 20-21. Plaintiff further alleges that those injuries ultimately led to Ms. Wooten's death. Id. at 21.

Plaintiff filed a Complaint in the Shelby County, Tennessee Circuit Court on November 1, 2004. The corporate Defendants filed a Notice of Removal to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that the individual Defendants were fraudulently joined. Plaintiff filed a motion to remand to state court on December 30, 2004. The Court heard oral argument on the motion on April 19, 2005.

## II. LEGAL STANDARD

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 14471(a). If an action is removed, a federal court may hear the case if the court has subject matter jurisdiction. Id. "The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." Robinson v. Michigan Consolidated Gas Co., Inc., 918 F.2d 579, 582 (6th Cir. 1990). A defendant in a state court action may remove a case to federal court when there is diversity jurisdiction

Title 28 of the United States Code, section 1332 states in pertinent part:

2

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States. . . .

28 U.S.C. § 1332(a). "This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless <u>each</u> defendant is a citizen of a different State from <u>each</u> plaintiff." <u>Owen Equip. & Erection Co. v. Kroeger</u>, 437 U.S. 365, 374 (1978) (emphasis in original); <u>Safeco Ins. Co. v. City of White House, TN</u>, 36 F.3d 540, 545 (6th Cir. 1994).

Removal jurisdiction is a question of law for this court. <u>Davis v. McCourt</u>, 226 F.3d 506, 509 (6th Cir. 2000). The defendant has the burden of establishing that removal is proper. <u>Gafford v. General Elec. Co.</u>, 997 F.2d 150, 155 (6th Cir. 1993) (citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921)). Important federalism considerations regarding the relationship between the state and federal court systems caution against routinely finding removal jurisdiction. <u>Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). The removal statute is to be strictly construed, and the exercise of jurisdiction is to be rejected in doubtful cases. <u>Alexander v. Electronic Data Sys. Corp.</u>, 13 F.3d 940, 949 (6th Cir. 1994); <u>see also</u> <u>Indianapolis v. Chase Nat'l Bank</u>, 314 U.S. 63, 76-77, 62 S. Ct. 15, 20, 86 L. Ed. 47 (1941). The removing party carries the burden of showing that removal is proper. <u>See</u> <u>Pullman v. Jenkins</u>, 305 U.S. 534, 540 (1939); <u>Her Majesty the Queen v. City of Detroit</u>, 874 F.2d 332, 339 (6th Cir. 1989). Indeed, there is a "strong presumption" against removal, and any doubt as to whether the removal is proper should be resolved in favor of remand to state court. <u>See</u> 28 U.S.C. § 1447(c); <u>see also</u> <u>Union Planters Nat'l Bank v. CBS, Inc.</u>, 557 F.2d 84, 89 (6th Cir. 1977);

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. ANALYSIS

On the face of Plaintiff's complaint, complete diversity is not present because of the common citizenship of Plaintiff and the individual Defendants. Unless there is a basis for disregarding the individual Defendants' Tennessee citizenship, the Court must remand this case.

The doctrine of fraudulent joinder applies when it is "'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) (quoting Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968)). The court must ask "'whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved' [or] . . . whether there was any 'reasonable basis for predicting that [the plaintiff] could prevail.'" Id.; see also Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."). The removing party bears the burden of demonstrating fraudulent joinder. Id. The district court resolves all disputed questions of fact and ambiguities in state law in favor of the non-removing party. Coyne, 183 F.3d at 493. The court also resolves all doubts as to the propriety of removal in favor of remand. Id. Therefore, if the Court decides that Plaintiff's complaint arguably states a cause of action against at least one of the in-state Defendants, the Court must remand.

Defendants argue that the individual Defendants were fraudulently joined because Plaintiff has no viable claim against them. Defendants maintain that because the individual Defendants did

4

not themselves commit tortious acts against Ms. Wooten, but instead are being sued in their capacity as administrators, Plaintiff can only allege vicarious liability against the individual Defendants. However, Tennessee law does not permit claims of vicarious liability against a manager for the acts of his employees.

As in an action brought pursuant to 42 U.S.C. § 1983, the negligence claim in this case cannot be brought against the administrators under a theory of respondeat superior. However, as in a § 1983 case, the Court concludes that if the Plaintiff can show that the actions of the administrators were the "moving force" behind Ms. Wooten's injuries, then the administrators themselves could be liable for negligence. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Plaintiff asserts that the claims against the individual Defendants are not based on respondeat superior. Plaintiff contends that the administrators of Primacy owed both common law and statutory duties to Ms. Wooten which they breached through their own negligence, not simply the negligence of their employees. Specifically, Plaintiff alleges that the administrator Defendants failed to adequately hire, train, assess, evaluate, or supervise staff, resulting in injuries to Ms. Wooten, including dehydration, malnutrition, repeated falls, poor hygiene, over-medication, pressure sores, and, ultimately, death. Construing all disputed questions of fact and ambiguities in state law in favor of the Plaintiff, the Court finds that the potential exists for Plaintiff to establish the liability of the individual Defendants.

Defendant contends that the statutes concerning nursing home administrators, specifically, 42 C.F.R. § 483.75, Tenn. Code Ann. § 68-11-801, *et seq.*, Tenn. Code Ann. § 63-16-101, *et seq.*, and Rules of the Tennessee State Board of Examiners for Nursing Home Administrators, Rule 1020-1.15 and .16, do not provide a private cause of action. However, Plaintiff does not assert a cause of action under those statutes. Instead, Plaintiff merely relies on those statutes to establish a standard

of conduct to which administrators of nursing homes are duty-bound to follow. Demonstrating that the administrator defendants failed to meet the statutory standard of conduct could establish that they breached the duty of care that they owed to Ms. Wooten, thus establishing the potential for liability for negligence.

While not determining the merits of this cause of action, the Court finds that the complaint arguably states a viable claim against the individual Defendants under state law. The Court holds, therefore, that Plaintiff has asserted a potential basis for recovery under state law. Defendants thus failed to carry their burden of showing fraudulent joinder. Considering the individual Defendants' citizenship, complete diversity between the parties is lacking. Consequently, the Court does not have subject matter jurisdiction and must remand the case to state court. This finding does not imply any determination of the merits of the claim. Indeed, Plaintiff may fail to carry her burden in state court. The Court's responsibility on this motion to remand, however, is not to determine the merits of Plaintiff's claims, but to decide whether or not there is a basis for concluding that Plaintiff could arguably prevail on her state law claims against the non-diverse Defendants.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand this case to the Shelby County, Tennessee Circuit Court is **GRANTED**.

IT IS SO ORDERED this 25th day of April, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:04-CV-02996 was distributed by fax, mail, or direct printing on April 26, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Deborah Whitt
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Honorable Bernice Donald
US DISTRICT COURT